UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATIONWIDE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

CHARLES SKALSKY, et al.,

Defendants.

No. 2:23-cv-01772-DAD-CSK

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STAY THIS CASE

(Doc. Nos. 8, 10)

This matter is before the court on the motion to dismiss or, in the alternative, to stay this action filed by defendant Charles Skalsky on October 18, 2023, in which defendant Joan Manning joined the following day. (Doc. Nos. 8, 10.) On November 13, 2023, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 13.) For the reasons explained below, the court will deny defendants' motion to dismiss and grant defendants' alternative motion to stay.

**BACKGROUND**

On July 26, 2022, Joan Manning, a resident of Stockton, California, filed a tort lawsuit in the San Joaquin County Superior Court against her neighbor Charles Skalsky (the "Manning suit"). (Doc. No. 1 at 10.) In her complaint filed in that action, Manning seeks compensatory and punitive damages arising from an incident in which she alleges that Skalsky's dog, a pit bull and boxer mix, attacked her and inflicted serious and permanent personal injuries to her shoulder,

hand, forearms, and chest (the "Manning complaint"). (*Id*. at 12.) As alleged in the Manning complaint, on March 15, 2022, Skalsky arrived at his property in a vehicle carrying his dog; after a brief conversation with Manning, who was gardening on the adjacent property, Skalsky opened the vehicle door to let the dog out, and the dog escaped his grasp and attacked Manning. (*Id*.)[1]

On August 22, 2023, Skalsky's auto insurance provider Nationwide Insurance Company of America ("Nationwide") filed the complaint initiating this federal court action, naming both Skalsky and Manning as defendants, and seeking declaratory relief and reimbursement of defense fees in connection with the Manning suit. (*Id*. at 1.) In its complaint, plaintiff Nationwide alleges the following.

Skalsky tendered the defense of the Manning complaint to Nationwide under several policies, including a Personal Auto Policy (the "Policy"). (*Id*. at ¶¶ 6, 9.) The Policy was in effect on March 15, 2022. (*Id*. at ¶ 6.) The "relevant insuring agreement" in the Policy provides:

> We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest on covered damages awarded against the "insured" which do not exceed our limit of liability for this coverage. . . . We will settle or defend, as we consider appropriate, any suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur for covered claims. . . . We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

(*Id*. at ¶ 10.) Nationwide disputes that any of the injuries or damages being alleged against Skalsky in the Manning complaint resulted from an "auto accident" as required for coverage to exist under the Policy. (*Id.* at ¶ 11.) Skalsky disputes Nationwide's interpretation (*id.* at ¶ 12), and argues that under state law, where the term "auto accidents" is not expressly defined in coverage forms, the term includes accidents arising out of the use of a vehicle, including loading and unloading the vehicle, (*see* Doc. No. 8 at 5–6.). In an abundance of caution, Nationwide agreed to provide Skalsky with a defense in the Manning suit subject to a reservation of rights,

[1] The court notes that the Manning suit is still pending in the San Joaquin County Superior Court, with a mandatory settlement conference scheduled for December 9, 2024, and a 5-day jury trial set for January 6, 2025. *See Joan Manning v. Charles Skalsky*, No. STK-cv-UNPI-2022-0006433 (San Joaquin Super. Ct., July 26, 2022).

including the right to decline coverage based on the lack of an "auto accident," to file this lawsuit, and to withdraw from the defense as appropriate. (*Id.*)

Based on these allegations in its complaint, plaintiff Nationwide asserts the following three causes of action: (1) a declaratory relief claim against both defendants regarding its duty to defend Skalsky; (2) a declaratory relief claim against both defendants regarding its duty to indemnify Skalsky; and (3) a claim against defendant Skalsky for reimbursement of defense fees/costs and/or indemnity payments. (Doc. No. 1 at 4–6.)

On October 18, 2023, defendant Skalsky filed the pending motion requesting the court to abstain from exercising jurisdiction and dismiss plaintiff Nationwide's complaint or, in the alternative, stay this case pending the resolution of the Manning suit.[2] (Doc. No. 8.) On October 19, 2023, defendant Manning joined in defendant Skalsky's pending motion. (Doc. No. 9.) On November 1, 2023, plaintiff Nationwide filed an opposition, and on November 9, 2023, defendant Skalsky filed a reply. (Doc. Nos. 11, 12.) Defendant Manning did not file a separate reply of her own. On November 29, 2023, after first obtaining leave of court to do so, plaintiff Nationwide filed a sur-reply. (Doc. Nos. 15, 16.)

**LEGAL STANDARD**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, district courts have "unique and substantial discretion" in determining whether to decide declaratory relief actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see id.* at 288 ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have

---

[2] The court notes that defendant Skalsky's motion also contains argument regarding his position on the merits of plaintiff Nationwide's policy coverage claims, including citation to authority suggesting that the "loading or unloading" of a motor vehicle qualifies as "use" of a vehicle for purposes of auto accident coverage, and that "unloading" ends when property is finally deposited. (Doc. No. 8 at 6–8) (citing *Nat'l Indem. Co. v. Farmers Home Mut. Ins. Co.*, 95 Cal. App. 3d 102, 106 (1979) (finding that automobile policy coverage existed after concluding that an injury arose out of the use of a parked vehicle where a passenger exited that vehicle and was struck by a moving vehicle once halfway across the street)). Because those arguments have no bearing on the court's resolution of the pending motion to dismiss or in the alternative to stay this action, the court will not address them in this order.

drawn to a close."). "Of course, this discretion is not unfettered." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). Guidance for the district court's exercise of authority is propounded "in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and its progeny." *Dizol*, 133 F.3d at 1223. "The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.* at 1225. "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *James River Ins. Co v. RV Tomlinson Const., Inc.*, No. 2:13-cv-00140-WBS, 2013 WL 1934354, at *2 (E.D. Cal. May 9, 2013) (quoting *Dizol*, 133 F.3d at 1225).

Of course, a federal district court has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants. *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936). Rather than dismiss an action, "[a] stay is the 'preferable course' where there are pending state proceedings." *N. River Ins. Co. v. Leffingwell Ag Sales Co*., No. 10-cv-02007-LJO-MJS, 2011 WL 304579, at *6 (E.D. Cal. Jan. 27, 2011) (quoting *Wilton*, 515 U.S. at 288). If there is a pending proceeding that is independent of, but related to, the federal lawsuit, then in certain circumstances the federal district court may stay the federal lawsuit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007). The independent proceeding need not be controlling of the federal lawsuit to be considered related. *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863–64 (9th Cir. 1979). Rather, an independent proceeding is related to the federal lawsuit if the proceeding will likely settle and simplify issues in the federal lawsuit. *Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *10 (E.D. Cal. Dec. 18, 2018) (citing *Landis*, 299 U.S. at 256).

Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay

for which he prays will work damage to some one [sic] else." *Id*. at 255. In considering whether to grant a stay, a court should weigh several factors, including: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

**ANALYSIS**

**A. Defendants' Motion for Abstention and Dismissal**

In his pending motion, defendant Skalsky urges the court to exercise its discretion to abstain from exercising jurisdiction over this declaratory relief action and to dismiss this case, given the ongoing nature of the Manning suit in state court. (Doc. No. 8 at 3, 11.) Defendant Skalsky argues that the state court is the more suitable forum because the state and federal cases arise from the same factual circumstances, and receiving a full determination in state court would avoid needless determination of state law issues in federal court and prejudicial discovery costs from litigating in both forums. (*Id.* at 9–10.) In support of his argument, defendant Skalsky cites the Supreme Court's decision in *Brillhart* (*id.*), which instructs district courts in such situations to "ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495 ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

In its opposition to the pending motion, plaintiff Nationwide argues that the decision in *Brillhart* is inapposite. (Doc. No. 11 at 2.) Plaintiff notes that as long as a "suit seeks more than merely declaratory relief," *Brillhart* does not apply. (*Id.*) (citing *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 840 (9th Cir. 2017)). Here, plaintiff argues that its claim for reimbursement in its third cause of action takes this case outside the realm of *Brillhart*. (Doc. No. 11 at 3) (citing *Integon Preferred Ins. Co.*, 2018 WL 6620342, at *3 (denying the defendant's

motion to abstain under *Brillhart* because the plaintiff "pleaded claims that are independent of the declaratory judgment claims—namely, claims for rescission of the policy and reimbursement of defense costs," making abstention improper)); *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-cv-05345-LHK, 2019 WL 570760, at *4 (N.D. Cal. Feb. 12, 2019) (rejecting the plaintiff's contention that *Brillhart* should apply, reasoning that the action included claims for declaratory relief, reimbursement, and unjust enrichment, and "[t]he Ninth Circuit has held that the application of *Brillhart* factors is limited to actions that seek *only* declaratory relief") (emphasis in original).

In his reply, defendant Skalsky acknowledges the above-referenced authority and offers no argument in response, appearing to abandon his request for abstention and dismissal of this action. (Doc. No. 12 at 1–2.) Instead, in his reply, he argues only that the court still has discretion to grant a stay of this federal action pending resolution of the Manning suit. (*Id.* at 2–5.)

The court agrees with plaintiff Nationwide that *Brillhart* does not apply here. Notably, in his pending motion, defendant Skalsky relies on cases in which the plaintiffs sought only declaratory relief and the courts therefore applied *Brillhart*. *See James River Ins. Co*, 2013 WL 1934354, at *1 (applying *Brillhart* and declining to exercise jurisdiction where the plaintiff pursued two claims for declaratory relief); *Gen. Star Indem. Co. v. Chabad of Cal.*, No. 3:21-cv-02062-L-MSB, 2022 WL 1049335, at *4 (S.D. Cal. Apr. 7, 2022) ("[T]he Court declines to exercise jurisdiction over the present action that raises only claims for declaratory relief . . . ."). In the present case, because plaintiff Nationwide brings a separate cause of action for reimbursement of defense fees—a claim that is beyond the scope of its claims for declaratory relief—application of *Brillhart* is foreclosed by binding authority. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012) (finding that the district court abused its discretion when it applied the *Brillhart* doctrine where the plaintiff sought "both declaratory and non-declaratory relief"). Indeed, as noted, defendant Skalsky appears to concede as much and presents no further argument regarding abstention.

/////

For these reasons, the court will decline to abstain from exercising jurisdiction over this case and will deny defendants' motion to dismiss Nationwide's complaint.

**B. Defendants' Alternative Motion for a Stay**

As noted, defendants alternatively seek a stay of this action pending the outcome of the Manning suit. (Doc. Nos. 8, 10, 12.) In defendant Skalsky's reply, he argues that a stay is warranted under *Landis*, which affirmed the power of a court to stay proceedings in one suit until the decision of another, particularly if such a decision would narrow, settle, or simplify remaining issues. (Doc. No. 12 at 3) (citing *Landis*, 299 U.S. at 253, 256). Defendant Skalsky argues that the questions presented in the Manning suit will narrow, settle, or simplify issues presented in this action by easing this court's determination of his conduct in removing the dog from the vehicle and whether the vehicle was in use as covered by the Policy when the attack took place—i.e., whether the attack took place while the vehicle was being unloaded. (Doc. Nos. 8 at 5; 12 at 3.) Defendant Skalsky recognizes that, in determining whether to impose a stay pursuant to the decision in *Landis*, a court should weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or any inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. (Doc. No. 12 at 3) (citing *CMAX, Inc.*, 300 F.2d at 268). He argues that in balancing these factors here, the court should conclude that a stay through the end of trial in the Manning suit would be appropriate. (Doc. No. 12 at 4.)

1. Fair Possibility that a Stay will Cause Damage

If there is even a fair possibility that a stay will work so as to cause damage to someone other than the movant, then a stay may be inappropriate absent a showing of hardship or inequity to the movant. *Landis*, 299 U.S. at 255. Defendant Skalsky argues that Nationwide will not be damaged by a stay of this federal action because Nationwide elected to afford Skalsky a defense in the Manning suit. (Doc. No. 12 at 3.) In its sur-reply, Nationwide argues that a stay would in fact be damaging because, without a timely determination of Nationwide's duty to defend and indemnify, Nationwide will have to continue paying fees, costs, and potentially a judgment for which there is no guarantee defendant Skalsky has the resources to reimburse. (Doc. No. 16 at 4–

5.) Nationwide also suggests that the issuance of a stay will hinder settlement of the Manning suit, as it is currently unclear whether any settlement must be funded by Nationwide, Skalsky, or both. (*Id*. at 5.)

Numerous district courts have held that the exact reasons that Nationwide has posited do not establish prejudice or damage and have granted stays despite such arguments being raised by insurance companies. *See United Specialty Ins. Co. v. Bani Auto Grp*., Inc., No. 18-cv-01649-BLF, 2018 WL 5291992, at *5 (N.D. Cal. Oct. 23, 2018); *see also N. River Ins. Co.*, 2011 WL 304579, at *6 (noting that "a delay in recovering potential monetary damages is not sufficient harm"); *State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc*., No. 5:13-cv-05240-EJD, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015) (observing that advancing defense costs "is part of an insurer's obligation and costs of doing business"). Plaintiff Nationwide's allegation that there is no guarantee that defendant Skalsky has adequate financial resources to satisfy any award is also insufficient to demonstrate damage, particularly in the absence of any supporting facts or evidence. *See Amguard Ins. Co. v. Optima Funeral Home, Inc*., No. 22-cv-04179-MWF-JC, 2022 WL 18142556, at *5–6 (C.D. Cal. Nov. 29, 2022) (finding that the plaintiff insurance company had not demonstrated a fair possibility of harm where it made allegations about the defendants' potential insolvency and inability to repay defense costs without any supporting facts or evidence). Accordingly, the court is not convinced that there is a fair possibility that a stay would cause damage to any non-moving party here.

2. <u>Hardship or Inequity if a Stay is not Imposed</u>

Courts analyze the competing interest of hardship and inequity "if there is a fair possibility that a stay will cause damage to a party opposing the stay." *Integon Preferred Ins. Co.*, 2018 WL 6620342, at *11 (citing *Landis*, 299 U.S. at 255). The court has already found that Nationwide has not demonstrated that there is a fair possibility that the granting of a stay of this federal action will cause it damage, so the court need not consider this competing interest. Nonetheless, the court will briefly address this factor. *See Integon Preferred Ins. Co.*, 2018 WL 6620342, at *11–12 (addressing this competing interest despite concluding that it "does not come into play").

Defendant Skalsky argues that without a stay, he will face hardship by having to fight "a two-front court battle" in state and federal venues concurrently. (Doc. No. 12 at 4.) He argues that there will be prejudicial discovery costs if litigation proceeds in both places. (Doc. No. 8 at 9.) The court finds this argument "unavailing because being required to defend oneself in an independent proceeding does not consist of a hardship or inequity under *Landis*." *Integon Preferred Ins. Co.*, 2018 WL 6620342, at *11 (citing *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005)). Further, the court questions whether defendant Skalsky truly bears the burden of litigating in two venues when Nationwide is providing the defense in the Manning suit. *See Great Am. Assurance Co. v. M.S. Indus. Sheet Metal, Inc*., No. 11-cv-00754-JST-MLG, 2011 WL 13228037, at *3 (C.D. Cal. Sept. 22, 2011) (noting that "any difficulty posed by simultaneously defending two proceedings is alleviated in this case because [the insurer] is currently defending [the insured] in the [state action]" and the insured "will only assume full responsibility for the [state action] if this action concludes due to a ruling by the court that [the insurer] owes [the insured] no duty to defend under the Policy"). Accordingly, although the court need not take this factor into consideration, it remains the case that defendant Skalsky has not shown that he would suffer hardship or inequity without a stay.

3. <u>Orderly Course of Justice</u>

The third competing interest is whether imposing a stay will contribute to the orderly course of justice. *CMAX, Inc*., 300 F.2d at 268. A stay contributes to the orderly course of justice if it will simplify the issues, evidence, or questions of law before the federal court. *Id*. This can occur, for example, when the related proceeding will help develop comprehensive evidence that bears on the questions at issue in the federal lawsuit. *Id*. at 269. This remains true even when the federal court is not bound by the findings and conclusions drawn from the related proceeding, so long as the related proceeding provides valuable assistance to the federal lawsuit. *Lockyer*, 398 F.3d at 1111.

Defendant Skalsky argues that a stay of this case would contribute to the orderly course of justice because the Manning suit will help develop evidence bearing on issues presented in this action and thus potentially assist in limiting the issues in this case. (Doc. No. 12 at 4.) In

particular, Skalsky argues that facts about the unloading of his vehicle as well as about the relationships between himself, his vehicle, his activities with his dog, and his activities with Manning on the day of the incident are relevant to the present case and overlap with factual issues in the Manning suit. (Doc. No. 8 at 10.) In its sur-reply, Nationwide argues that a stay will not contribute to the orderly course of justice, as there is no risk of inconsistent factual rulings and there are no issues in this case that a stay would help simplify. (Doc. No. 16 at 6–7.) According to Nationwide, the operative issue in this case is whether the incident took place while Skalsky was unloading his vehicle and whether that falls within the scope of an auto accident, which is not an issue that will be decided as part of the personal injury claims brought against Skalsky in the Manning suit. (*Id*. at 5–6.)

While the court agrees that the issue of whether the incident took place while Skalsky was unloading his vehicle may not necessarily be decided in the Manning suit, the evidence that bears on resolution of this question may well be developed in the state court action. In particular, disposition of the negligence claim in the Manning suit will likely put at issue the mechanics of the dog's escape and attack on Manning, a matter about which the parties have presented inconsistent versions. For example, the Manning complaint alleges that Skalsky opened the car door to let the dog out and the dog escaped his grasp, whereas Nationwide claims that Skalsky had secured the dog on a leash and was walking him to the garage. (*Compare* Doc. No. 1 at ¶ 14 *with* Doc. No. 9-2 at 3.) In this court's view, a determination of what actually occurred in this regard would be highly relevant in determining whether the vehicle was still in the process of being unloaded when the dog attack occurred. Accordingly, a stay is appropriate to avoid overlapping determinations and will permit the state court to develop the factual record on this issue. *See US-SINO Inv., Inc*., 2015 WL 5590842, at *4–5 (granting a stay where the coverage determination would require the court to delve into "issues and factual determinations overlap[ping] with the state civil proceedings," including "facts surrounding the circumstances of the decedent's accident"); *Integon Preferred Ins. Co.*, 2018 WL 6620342, at *12 (finding that this competing interest weighed in favor of a stay under the decision in *Landis* where "adjudication of the state lawsuit will likely develop evidence and findings that bear on questions at issue in this

federal lawsuit"); *Colony Ins. Co. v. Temescal Rei, LLC*, No. 1:19-cv-01778-NONE-JLT, 2021 WL 535414, at *6 (E.D. Cal. Feb. 12, 2021) (granting an alternative motion to stay where the underlying state court action would "include the making of factual determinations upon which coverage may hinge").

4. <u>Duration of Stay</u>

Because the granting of a stay would promote the orderly course of justice and Nationwide has not shown that it will suffer damage as a result of the stay, the court concludes that balancing the above factors tips modestly in favor of the granting of a stay. *See Integon Preferred Ins. Co.*, 2018 WL 6620342, at *12 (granting a stay where "[n]one of the relevant competing interests weigh[ed] against a *Landis* stay . . . and the third competing interest weigh[ed] in favor of a *Landis* stay"). However, the length of such a stay must be a reasonable amount of time; a stay that is indefinite or would result in undue delay is inappropriate. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066–67. Nationwide argues that if the court grants a stay, it need not last through resolution of the Manning suit, and instead should expire by its terms upon completion of the depositions of Skalsky and Manning in the state court action. (Doc. No. 16 at 6.) According to Nationwide, once those depositions are complete, there would be a full factual record of the mechanics of the dog attack incident, including whether it resulted from the unloading of a vehicle within the meaning of an "auto accident." (*Id.*) However, Nationwide has provided no authority suggesting that the mere taking of depositions would necessarily result in the establishment of undisputed facts or a complete factual record, or that a stay only through the completion of the two depositions otherwise is appropriate. To the contrary, ample authority suggests that the stay of this action through the completion of the Manning suit proceedings would be the appropriate course of action. *See Colony Ins. Co.*, 2021 WL 535414, at *6 (granting a stay "pending the resolution of the underlying state court action" and instructing the parties to file status reports every six months); *Integon Preferred Ins. Co.*, 2018 WL 6620342, at *12–13 (granting a 90-day stay encompassing the trial dates in the related state court action); *Zurich Am. Ins. Co.*, 2019 WL 570760, at *6 (granting a stay pending resolution of the underlying state court action and directing the parties to notify the court within seven days of resolution); *US-SINO Inv.*,

*Inc.*, 2015 WL 5590842, at *6 (granting a stay until final resolution of three related state court actions and directing the parties to submit status reports every three months).

Accordingly, the court will grant defendants' alternative motion to stay these proceedings through resolution of the Manning suit, in which trial is scheduled to conclude on January 10, 2025.

**CONCLUSION**

For the reasons explained above,

1. The defendants' motion to dismiss or stay this action (Doc. No. 8) is denied in part and granted in part as follows:
   a. The defendants' motion to dismiss this action is denied; and
   b. The defendants' motion to stay this action is granted;
2. This action is hereby stayed pending resolution of related state court proceedings: *Joan Manning v. Charles Skalsky*, No. STK-cv-UNPI-2022-0006433 (San Joaquin County Superior Court);
3. The parties shall file a joint status report within 120 days from the date of entry of this order, and every 90 days thereafter, informing this court as to the status of the related state court proceedings; and
4. In addition, the parties shall file a notice informing this court that a final judgment has been entered in the related state court proceedings within fourteen (14) days of entry of that judgment by the state court.

IT IS SO ORDERED.

Dated: **June 27, 2024**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

13